## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

AMERICAN AUTOMOTIVE SERVICE
SOLUTIONS, INC. d/b/a FENIX PROTECT,
a Missouri corporation,

    Plaintiff,

    v.

AGRUSS LAW FIRM, LLC, et al.

    Defendants.

Case No.:  4:20-cv-01114

## MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SERVE JOHN DOES 3-50

Plaintiff's action pursues internet user vigilantes who have unlawfully and mistakenly targeted Plaintiff's business, costing it hundreds of thousands of dollars. Because most of the Defendants have concealed their identities online through usernames, and thus been named as John Does 3-50, Plaintiff has yet to serve them, despite diligent efforts to unmask their true names and locations. Given Plaintiff's diligence and the John Does' acts of concealment, good cause exists to extend the time to serve John Does 3-50 by 90 days.  This added time is needed for Plaintiff to complete its John Doe investigation/discovery (i.e., to unearth the names of the John Does), and to execute service.

### Background

Plaintiff, a company that services prospective customers through an in-bound call center, alleges Defendants used a malicious, coordinated, auto-dialing attack to cripple Plaintiff's ability to receive consumer calls.  Dkt. 14 *passim*.  Defendants John Does 3-50 are website users of websites that have combined to conduct an attack on Plaintiff's phone systems. *See, e.g., id.* ¶¶ 2-4, 7-9, 17-19, 48-52, 55-66.  Defendants' acts are far from just.  Plaintiff operates wholly lawfully (it does not market via outbound dialing) and Defendants have acted illegally (violating two

computer fraud/tampering statutes and committing state common law torts).  Dkt. 14 ¶¶ 2, 5-6, 36, 90-128.

To save its business, Plaintiff filed suit.  Plaintiff served several Defendants (*see, e.g.,* Dkt. 16, 20-23), but the John Does perpetrating the auto-dialing attacks have used usernames and software applications to conceal their true identities and locations.  Dkt. 14 ¶¶ 9, 19, 22-23, 55. To unmask the John Does, Plaintiff has been working with (a) IT professionals and counsel, and (b) website companies, including other named Defendants.  *See* Dkt.  28-29, 32, 36.

### Good Cause Exists to Grant a 90-day Extension

Pursuant to Fed. R. Civ. P. 4(M), if a "plaintiff shows good cause for the failure [to serve within 90 days of filing the complaint], the court must extend the time for service for an appropriate period."  Good cause likely exists when, *inter alia*, a defendant has engaged in "misleading conduct," the "plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances …."  *Kurka v. Iowa Cty.,* 628 F.3d 953, 957 (8th Cir. 2010).  The good cause analysis focuses on the "facts of each individual case."  *Id.* (citation omitted).

Here, the facts are: (1) Plaintiff promptly served the known, named Defendants; it has not delayed;[1] (2) John Does 3-50 have concealed their identities and locations, hiding behind anonymous online usernames; and (3) Plaintiff, including before filing the action, has been trying to identify the names and other information necessary to serve the John Does.  Further to the third fact, Plaintiff has (a) enlisted its IT professionals and outside counsel to identify the John Does' usernames and the websites on which those Defendants are registered users, and (b) through formal and informal discovery, worked with website Defendants and third-party website companies to

---

[1] Defendant Cameron Lobban resides abroad and Plaintiff is pursuing service via the Hague Convention in accord with Fed. R. Civ. P. 4(f).

gather further identifying information that Plaintiff can then use to ascertain the true identity of the John Does.[2]

For example, Plaintiff is endeavoring to identify the true names and addresses of the following John Doe Defendants, whose usernames Plaintiff has identified through investigation:

1. Anonymous552
2. Brianhughes1
3. Callcender
4. Cameron
5. Covid-19-
6. EasyCallz
7. lenny
8. loki101
9. Marge
10. Neep
11. o_O
12. WhiskeyTangoFoxtrot

Plaintiff has supplied these (and any other suspected John Doe) usernames to website entities like former Defendant Discord. These entities hold the key to unlocking the identities of John Does 3-50.  Indeed, Plaintiff's approach already has uncovered the true identity of John Doe 1.  And, with the continued cooperation of the website entities, Plaintiff anticipates being able to identify and serve John Does 3-50 within 90 days of the expiration of the current service deadline. Thus, if a 90-day extension is granted, the new deadline will be February 16, 2021.[3]

## Conclusion

For the reasons above, the time in which Plaintiff is to serve John Does 3-50 should be extended to, and including February 16, 2021.

[2] The additional information includes IP addresses, user profiles, and any other contact information the discovery recipients are permitted to provide consistent with law.

[3] If of assistance to the Court, Plaintiff will submit the formal and informal discovery served regarding the John Doe Defendants' identities.

Dated:  November 13, 2020       Respectfully Submitted,

By:    */s/ Jeffrey H. Kass*
Jeffrey H. Kass
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado  80203
Tel:  303-861-7760 / Fax:  303-861-7767
Jeffrey.Kass@lewisbrisbois.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 13th day of November, 2020, the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SERVE JOHN DOES 3-50** was filed electronically with the Court using the CM/ECF system, which action caused automatic electronic notice of such filing to be served upon the following.

Additionally, a copy was sent by United States mail to Mr. Ryker Gillespie at the address below.

Ted R. Osburn                                      Ryker Gillespie
Mark R. Dunn                                      10503 W. Tamara Drive
OSBURN, HINE & YATES, L.L.C.          Casa Grande, AZ  85193
3071 Lexington Avenue
Cape Girardeau, MO  63701                  *Pro Se Defendant*
Phone:  573-651-9000
Fax:  573-651-9090
Email:  tosburn@ohylaw.com
Email:  mdunn@ohylaw.com

*Attorneys for Defendant Donald Marchant*

                                                   s/Jeffrey H. Kass