UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN AUTOMOTIVE SOLUTIONS, INC., d/b/a FENIX PROTECT, </br></br>　　Plaintiff, </br></br>vs. </br></br>AGRUSS LAW FIRM, LLC, et al., </br></br>　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )　　No. 4:20 CV 1114 RWS |

## **MEMORANDUM AND ORDER**

Plaintiff American Automotive Solutions, Inc., d/b/a Fenix Protect ("Fenix"), filed its amended complaint on September 8, 2020, alleging violations under the Lanham Act, the Computer Fraud and Abuse Act, the Missouri Computer Tampering Act, tortious interference with its business, publication of injurious falsehood, and civil conspiracy. Defendant Donald Marchant ("Marchant") filed his answer to the complaint on October 30, 2020. On November 5, 2020, Fenix filed a motion to strike Marchant's affirmative defenses and reservation of right under Rule 12(f) of the Federal Rules of Civil Procedure. Marchant filed a response to the motion on November 16, 2020. I will deny Fenix's motion for the reasons below.

## LEGAL STANDARD

Rule 12(f) offers a very narrow remedy used only to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." District courts have "liberal discretion" when ruling on Rule 12(f) motions. Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). However, striking a party's pleadings is viewed as an extreme and disfavored measure. Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977). A motion to strike an affirmative defense should not be granted if "the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." Kuhlmeier v. Hazelwood Sch. Dist., 578 F.Supp. 1286, 1295 (E.D. Mo. 1984) (citation omitted). Additionally, a Rule 12(f) motion will not be granted unless the moving party makes a showing of prejudice. Goldsmith v. Lee Enter., Inc., 2019 WL 5188951, at *2 (E.D. Mo. Oct. 15, 2019). When ruling on a motion to strike, I "must view the pleadings in the light most favorable to the pleader." Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008).

## DISCUSSION

Fenix objects to four of the affirmative defenses that Marchant raised in his answer. Fenix has not explained how it would be prejudiced by any of these defenses remaining in the pleadings.

## I. Statute of Limitations (Answer ¶ 128)

In his answer, Marchant asserts that Fenix's claims against him are "barred by the applicable statute of limitations." Marchant does not identify any specific statutes of limitations that apply or explain why they bar any of Fenix's claims.

According to the amended complaint, the events underlying this suit took place in 2020, just a few months before Fenix filed its complaint, so it seems likely that any applicable statutes of limitations have barely begun to run on Fenix's claims. However, Fenix also alleged that the defendants "have been engaged in a long and coordinated pattern of abusive behavior towards Fenix." Because Fenix did not indicate when this pattern began or provide any specific dates of Marchant's alleged misconduct, there are questions of law and fact regarding whether an applicable statute of limitations may bar any of the claims against Marchant. This issue is not yet ripe for decision and will be more appropriately addressed after discovery, if Marchant then chooses to file a motion regarding this defense. I will therefore deny Fenix's motion to strike ¶ 128 of Marchant's answer.

## II. Failure to State a Claim (Answer ¶ 129)

Marchant also states that the complaint fails to state a claim upon which relief can be granted against him. Fenix argues that I should strike this defense because the Eastern and Western Districts of Missouri do not recognize failure to state a claim as an affirmative defense. First, this technicality does not dictate that I

must strike this defense from the pleadings. See Oliverires v. Nationwide Ins. Co. of America, 2019 WL 1469673, at *2 (E.D. Mo. Apr. 3, 2019) (declining to strike defendant's failure to state a claim defense and reservation of right to plead additional defenses "on purely semantic grounds" because the plaintiffs had not explained "how the inclusion of these defenses in the pleadings could cause any prejudice or confusion"). Furthermore, Fed. R. Civ. P. 12(h)(2)(A) expressly allows failure to state a claim to be raised in pleadings. Thus, I will deny Fenix's motion to strike this claim.

### III.     Lack of Proximate Cause (Answer ¶¶ 130-131)

Fenix argues that I should strike ¶¶ 130-131 of Marchant's answer because lack of causation is also not an affirmative defense under Eighth Circuit precedent. Masuen v. E.L. Lien & Sons, 714 F.2d 55, 57 (8th Cir. 1983). I will deny the motion to strike this claim for the same reasons as above.

### IV.     Reservation of Rights (Answer ¶ 132)

Finally, Marchant reserved the right to amend his answer based on further defenses identified in discovery. Fenix objects, arguing that Marchant does not possess an absolute right to amend and that the ability to amend or assert additional affirmative defenses is governed by the Federal Rules of Civil Procedure.

Fenix is correct that the Federal Rules are controlling in this Court. However, Fenix has not alleged that it would suffer prejudice if I do not strike this

reservation of rights clause. For that reason, I will not grant the motion to strike ¶ 132. However, if Marchant wishes to assert additional affirmative defenses going forward, he must request leave to amend his answer in compliance with Rule 15(a)(2).

## CONCLUSION

A motion to strike under Rule 12(f) is intended to be a very narrow remedy. Fenix has not shown that the challenged defenses fall within the category of materials appropriately stricken pursuant to Rule 12(f). Additionally, Fenix has not made any showing of prejudice. As a result, I will deny Fenix's motion to strike in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Fenix Protect's Motion to Strike Donald Marchant's Affirmative Defenses, [33] in Docket No. 4:20 CV 1114 RWS, is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of December, 2020.